GIUSEPPE SOZIO, PROSECUTOR, v. COURT OF COMMON PLEAS OF THE COUNTY OF ESSEX.

Argued June 5, 1906—Decided June 12, 1906.

Under the proviso to section 15 of the "Act for the relief of persons imprisoned on civil process," approved March 27th, 1874, it is the right of an insolvent debtor, whose first application for discharge has been refused, to make a second application, and this right exists whether the first refusal was by the court or upon the verdict of a jury.

On *certiorari*.

Before Justices FORT, GARRETSON and REED.

For the prosecutor, *James M. Trimble*.

For the defendant, *Hugh B. Reed*.

The opinion of the court was delivered by

FORT, J. The writ in this case brings up an order of the Court of Common Pleas of the county of Essex, directing that the application of the prosecutor for a hearing on a petition for insolvency be dismissed.

The prosecutor, Giuseppe Sozio, was arrested on a *ca. sa.*

December 8th, 1904, issued on a judgment obtained against him by Vincenzo Giuliano, in an action of tort, in the Circuit Court of Essex county. A petition for discharge as an insolvent debtor, with bond and inventory, according to law, was executed and the proceedings duly continued until the 10th day of March, 1905, when, after a hearing, the court refused the discharge of the said Sozio and ordered him to be returned to the custody of the sheriff. On the 13th day of March, 1905, the petitioner, then being in the custody of the sheriff under the remand of the court, gave a second bond, dated on that day, filed a new petition with an amended inventory, and proceeded regularly with his second application until the 24th day of June, 1905, when the court refused to hear him and dismissed his application without a hearing, on the ground that, being a second application, and the first application not having been based on the verdict of a jury, he was not entitled to make a second application.

It is this order that we are asked to set aside.

We are unable to find anything in the statute which justifies any distinction between a petition for a second application for discharge under the insolvent laws and such a petition for a first application for discharge.

The fifteenth section of the act entitled "An act for the relief of persons imprisoned on civil process," approved March 22d, 1874, declares that if it shall appear to the satisfaction of the court before which the application is made for the benefit of the insolvent laws, or by the verdict of a jury, if demanded by the debtor, that the debtor so applying has concealed or kept back any part of his estate, or made any conveyance or other instruments of transfer or disposition of his estate, real or personal, with intent to defraud his creditors, said debtor shall be refused his discharge, and be remanded to prison until discharged by due course of law. Then there appears this proviso: "Provided, however, that it shall be lawful for said debtor to make a second application, by petition or otherwise, for the benefit of the insolvent laws of this state, and to proceed thereon as if no former application had been made."

This language is susceptible of but one construction. It specifically authorizes, as we think, a second application, whether the first discharge had been denied after hearing before the court or as the result of the finding of a jury.

The order before us proceeds upon the theory that there is a difference between the refusal of a discharge upon a finding of a jury and the finding of a court when hearing the application without a jury. No reasons are given by the court below for this conclusion. We have nothing before us but the order.

The plain language of the statute seems to be in contravention of the order of the court, and it is therefore set aside.